IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIAM E. LEWIS and
JUDY LEWIS                                                                                          PLAINTIFFS

VS.                                                          CIVIL ACTION NO. 1:07cv169-M-D

GALEN CLAYTON GREEN, INDIVIDUALLY, AND D/B/A
FAMILY FIRST MORTGAGE CORP. D/B/A THE
MORTGAGE FACTORY; GMFS, LLC; and HOMECOMINGS
FINANCIAL; and Fictitious Defendants AA@ - AZ@                          DEFENDANTS

## ORDER

The court presently has before it unopposed motions for summary judgment filed by defendant Homecomings Financial, as to claims asserted against it by plaintiffs, as well as to counterclaims which it filed against plaintiffs in this case. This lawsuit stems from a mortgage loan transaction involving residential property located in Corinth, Mississippi. In their complaint, plaintiffs assert a number of claims against defendants, arising out of misrepresentations allegedly made at the loan closing. On July 17, 2008, Homecomings filed the instant summary judgment motions, asserting that it had no role in the loan closing and further asserting that it is plaintiffs who defaulted in this case, by failing to make their required mortgage payments. Specifically, Homecomings argues as follows:

> In the aftermath of Hurricane Katrina, [Plaintiffs] had suffered damage to their home and were frustrated with the response of American Security (their insurer) to their stormrelated claims. Acting on that frustration, Mr. Lewis determined that they wouldn't pay "another dime" on the mortgage – despite the fact that Homecomings had no connection whatsoever to their insurance woes. In short, Plaintiffs failed to uphold their obligations under the mortgage loan, then willfully violated the terms of their repayment agreement with Homecomings because of their personal grievances with a third-party. Ultimately, Plaintiffs' default under

> the repayment agreement and continued refusal to pay the amounts due and owing under that agreement left Homecomings with no choice, and Homecomings instituted foreclosure proceedings against Plaintiffs. . . .

Despite being given ample opportunity to do so, plaintiffs have failed to respond to these motions, nor have they sought to dispute Homecomings' characterization of the facts of this case.

In light of the foregoing, the court concludes that Homecomings is entitled to a dismissal of plaintiffs' claims against it, as well as a judgment declaring that plaintiffs are in default of the mortgage contract in this case. It is less clear to this court what additional relief Homecomings seeks at this juncture. In its motion, Homecomings argues that it "reserves the right to seek the amount of any deficiency created by the sale of the Property in foreclosure and all costs and expenses related to such foreclosure, as further provided under the Deed of Trust." It does not appear that Homecomings seeks such relief at this juncture, however, and the court's judgment on its counterclaims is accordingly limited to declaratory relief.

In light of the foregoing, it is ordered that Homecomings' motions [20-1, 22-1] for summary judgment are granted, and the court hereby declares that plaintiffs are in default of their mortgage contract in this case.

So ordered, this the 18th day of December, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**